# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| ALICE M. GLADWILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00251-RCJ-WGC |
| vs. | ) | |
| | ) | |
| RUBY PIPELINE, LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises out of the alleged breach of an express easement via unreasonable use. Pending before the Court is Defendant's motion in limine. For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Alice M. Gladwill is the owner of a cattle ranch located in Washoe County, at the extreme northwest corner of Nevada. (*See* V. Compl. ¶ 4, Mar. 7, 2011, ECF No. 2). Defendant Ruby Pipeline, LLC ("Ruby") is constructing a 42-inch natural gas pipeline from Wyoming to Oregon, for which it obtained an express easement across Gladwill's land. (*See id.* ¶¶ 5–7). Ruby purchased a permanent 50-foot easement and a 115-foot construction easement to lay the pipeline across 6519.57 feet (approximately 1-1/4 miles) of Gladwill's land. (*See id.* ¶ 6).

According to the agreements, Ruby was to dig a well and ditch for water to test the pipeline. (*See id.* ¶¶ 7–9). Ruby allowed bentonite or another substance it added to the well to harden improperly, making the well useless and allowing water to flow freely over Gladwill's property, causing damage. (*Id.*). Gladwill suspects that because Ruby bungled the well on her

property, it contracted with a neighboring landowner to transport that landowner's water over Gladwill's land by pipe or ditch, which transport would constitute a trespass, because such transport is beyond the scope of Ruby's easements. (*See id.*). Ruby has also: (1) left gates open and improperly constructed fences, permitting Gladwill's cattle to escape; (2) failed to impound the water in the permitted pipeline ditch, resulting in runoff from rain and snow that has eroded the topsoil that is essential to the grass Gladwill's cattle graze upon; and (3) buried grazing land beyond the scope of the easements with construction debris. (*Id.* ¶ 10). Ruby argues that it has bent over backwards to satisfy Gladwill, having spent upwards of $100,000 to return the land to its original condition, but that Gladwill simply will not be satisfied.

Gladwill filed the Verified Complaint against Ruby in state court for breach of contract, seeking a preliminary and permanent injunction. Ruby removed. Gladwill has moved for a preliminary injunction. The Court has set that motion for hearing and has granted Plaintiff's motion to consolidate the preliminary injunction hearing with a trial on the merits under Rule 65(a)(2). Defendant has filed a motion in limine to exclude the testimony of certain of Plaintiff's witnesses whom Plaintiff did not disclose until after the deadline to disclose expert witnesses.

## II.     LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible

1   evidence from being suggested to the jury by any means")).

2         A motion in limine is a request for the court's guidance concerning an evidentiary
3   question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999).  Judges have broad
4   discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d
5   663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual
6   disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323
7   (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible
8   on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D.
9   Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred
10  until trial so that questions of foundation, relevancy and potential prejudice may be resolved in
11  proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill.
12  1993).  This is because although rulings on motions in limine may save "time, costs, effort and
13  preparation, a court is almost always better situated during the actual trial to assess the value and
14  utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

15        In limine rulings are provisional.  Such "rulings are not binding on the trial judge [who]
16  may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753,
17  758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to
18  change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in
19  limine does not necessarily mean that all evidence contemplated by the motion will be admitted
20  to trial.  Denial merely means that without the context of trial, the court is unable to determine
21  whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

22  **III.   ANALYSIS**

23        Ruby argues that certain witnesses[1] disclosed after the deadline to disclose expert

---

[1] The challenged witnesses are Roy Halliburton and Kevin Linderman of Q&D Construction, Inc., Michael Turnipseed of Turnipseed Engineering, LaVor Smith, and Lee

1  witnesses should be excluded from testifying as a Rule 37 sanction.  Gladwill responds that the
2  witnesses Ruby identifies will testify only as lay witnesses, i.e., as to the pre- and post-easement
3  condition of the land and the price those witnesses would charge Gladwill to perform certain
4  work she claims is necessary to return the land to its pre-easement condition.  The Court denies
5  the motion in limine.  Witnesses undisclosed as experts will not be allowed to testify as experts
6  and will not be permitted to introduce any expert-type reports, but Gladwill claims to proffer
7  these witnesses only as percipient witnesses.  *See* Fed. R. Evid. 701.  If these witnesses attempt to
8  testify as to topics that require "scientific, technical, or other specialized knowledge," the Court
9  will hear objections at that time.  *See* Fed. R. Evid. 701(c), 702(a).  Without hearing the
10 testimony at trial, however, the Court cannot yet determine whether any particular piece of
11 testimony is better characterized as lay testimony under Rule 701 or expert testimony under Rule
12 702.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated this 6th day of September, 2012.

_____
ROBERT C. JONES
United States District Judge

---

Connor.