1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALICE M. GLADWILL,                          )
                                            )
                    Plaintiff,              )
                                            )          3:11-cv-00251-RCJ-WGC
          vs.                               )
                                            )
RUBY PIPELINE, LLC,                         )          **ORDER**
                                            )
                    Defendant.              )
_____ )

14
15
16

          This case arises out of the alleged breach of an express easement via unreasonable use.

Pending before the Court is Defendant's Motion for Attorney's Fees and Costs (ECF No. 62).

For the reasons given herein, the Court denies the motion.

17      **I.      FACTS AND PROCEDURAL HISTORY**

18
19
20
21
22
23
24
25

          Plaintiff Alice M. Gladwill is the owner of a cattle ranch located  in Washoe County, at

the extreme northwest corner of Nevada. (*See* V. Compl. ¶ 4, Mar. 7, 2011, ECF No. 2).

Defendant Ruby Pipeline, LLC ("Ruby") is constructing a 42-inch natural gas pipeline from

Wyoming to Oregon, for which it obtained an express easement across Gladwill's land. (*See id.*

¶¶ 5–7).  Ruby purchased a permanent 50-foot easement and a 115-foot construction easement to

lay the pipeline across 6519.57 feet (approximately 1-1/4 miles) of Gladwill's land. (*See id.* ¶ 6).

          According to the agreements, Ruby was to dig a well and ditch for water to test the

pipeline. (*See id.* ¶¶ 7–9).  Ruby allowed bentonite or another substance it added to the well to harden improperly, making the well useless and allowing water to flow freely over Gladwill's property, causing damage. (*Id.*).  Gladwill suspects that because Ruby bungled the well on her property, it contracted with a neighboring landowner to transport that landowner's water over Gladwill's land by pipe or ditch, which transport would constitute a trespass, because such transport is beyond the scope of Ruby's easements. (*See id.*).  Ruby has also: (1) left gates open and improperly constructed fences, permitting Gladwill's cattle to escape; (2) failed to impound the water in the permitted pipeline ditch, resulting in runoff from rain and snow that has eroded the topsoil that is essential to the grass Gladwill's cattle graze upon; and (3) buried grazing land beyond the scope of the easements with construction debris. (*Id.* ¶ 10).  Ruby argues that it has bent over backwards to satisfy Gladwill, having spent upwards of $100,000 to return the land to its original condition, but that Gladwill simply will not be satisfied.

Gladwill filed the Verified Complaint against Ruby in state court for breach of contract, seeking a preliminary and permanent injunction.  Ruby removed.  Gladwill moved for a preliminary injunction.  The Court set the motion for hearing and granted Gladwill's motion to consolidate the hearing with a trial on the merits under Rule 65(a)(2).  After the bench trial, the Court entered judgment in favor of Ruby.  Gladwill has appealed.  Ruby has asked the Court for an award of fees and costs.

## II.   LEGAL STANDARDS

Rule 54 requires an award of costs to a prevailing party and permits attorneys' fees to a prevailing party if provided for elsewhere (by statute, rule, or contract). *See* Fed. R. Civ. P. 54(d). Local Rules 54-1 and 54-16 contain procedural and evidentiary requirements.

The relevant state statute permits reasonable attorney's fees. *See* Nev. Rev. Stat. § 17.115(4)(d)(3).  The state rules also permit such an award. *See* Nev. R. Civ. P. 68(f)(2).

Although section 17.115 and Nevada Rule 68 are *Erie*-substantive, they can in some cases conflict with Federal Rule 68, which governs the penalties for rejecting offers of judgment in federal court. *See Walsh v. Kelly*, 203 F.R.D. 597, 598–600 (D. Nev. 2001) (Reed, J.) (citing *Hanna v. Plumer*, 380 U.S. 460, 471–72 (1965)).  Whereas the state rule permits both attorney's fees and otherwise nontaxable costs against a party who obtains a judgment less favorable than an offer it rejected, the federal rule permits only costs. *See id.* at 599; Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.").  Federal Rule 68 is not applicable on its own terms, however, where the plaintiff who rejects an offer obtains no judgment at all. *Delta Air Lines v. August*, 450 U.S. 346, 352 (1981) ("In sum . . . it is clear that [Federal Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. *It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.*" (emphasis added)).  In the present case, also, the Defendant obtained the judgment. There being no conflict with Federal Rule 68 (because it does not apply under these circumstances), Nevada law on the matter controls.

In contrast to Federal Rule 68, section 17.115 appears to permit an award of fees (and other nontaxable costs) so long as the rejecting offeree fails to receive a more favorable judgment, regardless of whether the rejecting offeree receives any judgment at all. *See* Nev. Rev. Stat. § 17.115(4), (4)(c), and (4)(d)(3) ("[I]f a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court . . . shall order the party to pay the taxable costs incurred by the party who made the offer; and . . . may order the party to pay to the party who made the offer . . . reasonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment.").  The court has

discretion whether to award fees and nontaxable costs under section 17.115, according to the following factors:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Chavez v. Sievers*, 43 P.3d 1022, 1027 (Nev. 2007) (quoting *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983)).

## III. ANALYSIS

Ruby argues that it is entitled to attorney's fees and nontaxable costs under section 17.115 because Gladwill rejected its offer of judgment for $40,000 and won no verdict. The Court finds that Gladwill's claim was brought in good faith, that Ruby's offer of judgment for $40,000 made on September 4, 2012 was in good faith both as to amount and timing, and that the fees sought are reasonable and justified in amount. However, the Court also finds that Gladwill's decision to reject the offer and proceed to trial was not grossly unreasonable or in bad faith. There was a legitimate dispute over the condition of the land on and near the easement such that Gladwill could reasonably have believed that it would cost on the order of $1000,000 or more to return the land to a satisfactory condition, which was and remains Ruby's contractual duty.

The Court notes that a legitimate disagreement remains between the parties as to the condition of the land. Land is unique. It is not fungible like cash or consumable commodities. Gladwill, who was familiar with the pre- and post-easement condition of the land was convinced, and presumably remains convinced, that the land has not been satisfactorily restored to its prior condition. It is undoubtedly true that the land is not in exactly the same condition it was in before the easement was created. That is a natural result of a major underground easement that requires significant digging and restoration. But the creation of such an easement cannot be

expected to result in no changes to the land.  The owner of a servient parcel receives

compensation for the easement in exchange for some amount of inconvenience, and so long as

the easement is used and maintained reasonably, there is no breach.  The Court found that

Gladwill had not proved by a preponderance of the evidence that Ruby had not reasonably used

and maintained the easement as granted, but this does not mean Gladwill's rejection of the

$40,000 offer was unreasonable where a legitimate dispute remained such that a finding in

Galdwill's favor could plausibly have resulted in judgment of greater amount.

**CONCLUSION**

IT IS HEREBY ORDERED that the Defendant's Motion for Attorney's Fees and Costs

(ECF No. 62) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge